**ARM Lawyers**
By: Patrick J. Best, Esq.
Attorney ID #: 309732
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899
*Attorney for the Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 4:15-bk-35318-cgm |
| HEATHER F. FAGANS ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| HEATHER F. FAGANS, ) | |
| ) | |
| Plaintiff, ) | Adversary |
| ) | Proceeding No.: |
| v. ) | |
| ) | |
| THE UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, NAVIENT SOLUTIONS LLC, ) | |
| ASCENDIUM EDUCATION SOLUTIONS, ) | |
| CITIZENS BANK N.A., and EDUCATIONAL ) | |
| CREDIT MANAGEMENT CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Heather F. Fagans ("Fagans" or "Plaintiff"), by and through her undersigned counsel, Patrick J. Best of ARM Lawyers, hereby files this complaint against Defendants, on personal knowledge as to those matters within her capacity, and information and belief as to all other matters, as follows:

# I.
# PRELIMINARY STATEMENT

1. This action is brought by Heather F. Fagans to enforce her rights under bankruptcy law regarding several federal student loans, including two consolidated loans, for which Defendants act as the owner(s), servicer(s) and/or debt collector(s) against her ("the Subject Loans"). Based upon Plaintiff's monthly income and monthly expenses, any repayment beyond the minimum monthly payment will prevent Plaintiff from maintaining a minimal standard of living. Further, Plaintiff has reached the maximum income potential for her career field, including seeking additional part-time positions. Plaintiff has enrolled in income-driven repayment and has utilized forbearances and deferments when needed; however, as a result, the Subject Loans have ballooned and Plaintiff will never be able to pay off the remaining balance given her circumstances. Therefore, the Subject Loans create an undue hardship for Plaintiff as contemplated by 11 U.S.C. § 523(a)(8); and, as such, should be discharged in the Chapter 13 bankruptcy filed by Plaintiff.

# II.
# JURISDICTION AND VENUE

2. This Adversary Proceeding is brought under Case Number 4:15-bk-35318-cgm.

3. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b) and 1332. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt.

4. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 105 and Federal Rules of Bankruptcy Procedure Rule 7001.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case determined in this district.

## III.
## PARTIES

6. Plaintiff, HEATHER F. FAGANS, is an individual and a resident of this district who filed for relief under Title 11 in this Court in 2015.

7. Defendant, THE UNITED STATES DEPARTMENT OF EDUCATION ("DoE") is a creditor of Plaintiff, purportedly holding ownership in or as the guarantor of one or more of Plaintiff's student loans. DoE is an agency within the federal government that coordinates federal assistance to education. The DoE is headquartered in Washington D.C. and can be served through its registered agent.

8. Defendant, NAVIENT SOLUTIONS, LLC ("Navient") is a business entity which, itself, or on behalf of other lenders, engages in commercial activity in this District, in the form of originating, servicing and collecting of consumer debts. Navient is headquartered in Wilkes-Barre, Pennsylvania and can be served through its registered agent.

9. Defendant, ASCENDIUM EDUCATION SOLUTIONS ("Ascendium") is a business entity which, itself, or on behalf of other lenders, engages in commercial activity in this District, in the form of originating, servicing and collecting of consumer debts. Ascendium is headquartered in Madison, Wisconsin and can be served through its registered agent.

10. Defendant, CITIZENS BANK N.A. ("Citizens") is a business entity which, itself, or on behalf of other lenders, engages in commercial activity in this District, in the form of originating, servicing and collecting of consumer debts. Citizens is headquartered in Providence, Rhode Island and can be served through its registered agent.

11. Defendant, EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC") is a business entity which, itself, or on behalf of other lenders, engages in commercial activity in

this District, in the form of originating, servicing and collecting of consumer debts. ECMC is headquartered in Minneapolis, Minnesota and can be served through its registered agent.

## IV.
## STATEMENT OF FACTS

### A. The Undue Hardship Exception

12. Under 11 U.S.C. § 523(a)(8), "A discharge…of this title does not discharge an individual debtor from any debt unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents…"

13. Courts have interpreted "undue hardship" to be broken down into three factors: (1) based on the debtor's current income and expenses, she cannot maintain a minimal standard of living for herself and her dependents if she is forced to repay the loans; (2) the debtor's circumstances will extend throughout a significant portion of the loan repayment period; and (3) the debtor has made good faith efforts to repay the subject student loans. See Brunner v. N.Y. State Higher Education Services Corp., 831 F.2d 395, (2nd Cir. 1987).

14. This Court reasoned that "[t]he harsh results that are often associated with Brunner are actually the result of cases interpreting Brunner. Over the past 32 years, many cases have pinned on Brunner punitive standards that are not contained therein." For debtors "who have been out of school and struggling with student loan debt for many years, the test is fairly straight-forward and simple." See Rosenberg v. N.Y. State Higher Education Services Corp., 610 B.R. 454, 458–59 (Bankr. S.D. N.Y. 2020).

15. This Court also stated cases that followed Brunner resulted in "retributive dicta [that] were then applied and reapplied so frequently in the context of Brunner that they have subsumed the actual language of the Brunner test. They have become a quasi-standard of mythic proportions so much so that most people (bankruptcy professionals as well as lay individuals) believe it

impossible to discharge student loans." However, "[t]his Court will not participate in perpetuating these myths." See Id. at 459.

**B.    The Subject Loans Pose an Undue Hardship on Plaintiff Heather F. Fagans**

16. Plaintiff, a resident of New York, attended Boston Architectural College during the 2000-2010 academic terms while obtaining her Master of Architecture degree. During that time, Plaintiff financed her education mainly and substantially through federal student loans.

17. Following her graduation, Plaintiff worked for Savin Engineers as a Construction Administrator in which she earned $47/hour and worked a minimum of 24 hours per week. Her work hours were mainly part time in the winter and full time in the summer as school construction was in full swing.

18. At this time, Plaintiff is forty-four years old, and is currently employed as a Senior Designer/CA Onsite Representative for Stantec, earning $48.80/hour for a net bi-weekly income of $2,646.00 and approximately $68,796.00 per year. On top of her full-time position, Plaintiff also started an architectural firm with a colleague in 2017 called Bar Down Studio in an attempt to earn an additional income. In her position at Bar Down Studio, Plaintiff has earned approximately $6,000 over the past two years as her and her partner have been working to attract more clients and projects.

19. Plaintiff's expenses include a mortgage on her property, home insurance, maintenance and upkeep expenses, auto insurance, gas and upkeep expenses, necessary expenses for maintenance of her horses, other basic life necessities and utility expenses. Plaintiff is unable to put money away for retirement or any future plans she may have. After Plaintiff's monthly expenses are deducted from the income, she earns each month, she is left with little to no ability to make any payments beyond the minimum monthly payments for the Subject Loans while also providing for herself. As such, the amount of the Subject Loans continues to grow.

20. Plaintiff presently owes approximately $271,275.75 in federal student loans. She does not anticipate ever being able to make enough money to pay all these loans and maintain a minimal standard of living.

21. Plaintiff does not anticipate ever being able to make enough money to repay the Subject Loans and maintain a minimal standard of living for herself.

22. The substantial amounts due under the Subject Loans, combined with Plaintiff's other obligations and circumstances, including her age, employment history and prospects, and other factors, create an undue hardship for Plaintiff as contemplated by 11 U.S.C. § 523(a)(8).

23. Plaintiff has made good faith efforts to repay her student loans through forbearance, deferment, and income-based repayment plans currently and in the past.

24. Plaintiff's income and employability prospects are likely to persist for a significant portion of the repayment period of the Subject Loans as she has reached the maximum earning potential in her career field.

25. Any potential discharge of the remaining balance of the Subject Loans through an income-driven repayment plan discharge program will not provide any financial relief in Plaintiff's lifetime and will cause additional financial problems based on the tax consequences of said discharge type.

26. Plaintiff has retained the services of the undersigned attorney and has agreed to pay reasonable attorney's fees.

## V.
## CAUSE OF ACTION

### COUNT ONE – UNDUE HARDSHIP

27. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28. Bases on the above, Plaintiff prays the Court to declare that repayment of the Subject Loans would constitute an undue hardship upon herself and her dependents and therefore the Subject Loans are discharged pursuant to §523(a)(8).

29. The Subject Loans held by Defendants should be determined to be dischargeable pursuant to 11 U.S.C. § 523(a)(8) as an undue hardship.

## VI.
## JURY DEMAND

30. Pursuant to her rights under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## VII.
## PRAYER

31. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered as follows:

    a) an order determining that Plaintiff's student loans were discharged under the subject Chapter 13 bankruptcy discharge Order as an undue hardship pursuant to 11 U.S.C § 523(a)(8).

    b) allow amendment to this Complaint to add parties in the event that additional parties are necessary for the adjudication of Plaintiff/Debtor's claims for discharge of the subject student loans;

    c) award reasonable attorney's fees and costs to the fullest extent permitted under the law; and

    d) grant other relief as the Court deems just and proper.

Dated: <u>November 18, 2020</u>　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　<u>/s/ Patrick J. Best</u>
　　　　　　　　　　　　　　　　　　　　　　　Patrick J. Best, Esq.
　　　　　　　　　　　　　　　　　　　　　　　ARM Lawyers
　　　　　　　　　　　　　　　　　　　　　　　18 N. 8th St.
　　　　　　　　　　　　　　　　　　　　　　　Stroudsburg PA 18360
　　　　　　　　　　　　　　　　　　　　　　　570-424-6899
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff