```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                     :
                                                           :    Chapter 13
HEATHER F. FAGANS                                          :
                                                           :    Case No.: 4:15-BK-35318-cgm
                                                           :
                                  Debtor.                  :
-----------------------------------------------------------X
                                                           :
HEATHER F. FAGANS                                          :
                                                           :
                                                           :
                                  Plaintiff                :    Adv. Proc. No.: 20-09047-cgm
                                                           :
            -Against-                                      :
                                                           :
THE  UNITED  STATES  DEPARTMENT  OF                        :
EDUCATION,  NAVIENT  SOLUTIONS  LLC,                       :
ASCENDIUM    EDUCATION    SOLUTIONS,                       :
CITIZENS  BANK  N.A.  and  EDUCATIONAL                     :
CREDIT MANAGEMENT CORPORATION,                             :
                                                           :
                                  Defendants.              :
-----------------------------------------------------------X
```

## **SCHEDULING ORDER**

A pre-trial conference was held before the Honorable Cecelia G. Morris in the above-captioned adversary proceeding on **November 23, 2021**. The parties have agreed and the Court has determined that the following schedule shall govern the events leading up to and including the final pre-trial conference in the matter regarding **the dischargeability of Plaintiff's Subject Student Loans**:

**1. Jurisdiction and Power**: By signing this scheduling order the parties agree that the bankruptcy judge may enter final orders and/or judgments in this matter, unless otherwise indicated in prior pleadings pursuant to Local Bankruptcy Rule ("LBR"), 7008-1.

**2. Discovery:** The parties will develop a discovery plan so that all forms of discovery (i.e. document exchange, depositions and interrogatories) will be completed on or before **May 31, 2022**. Pursuant to Bankruptcy Rules 7026 and 9014, parties are also required to provide the initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

Pursuant to LBR 7007-1(b), motions related to discovery disputes may not be brought until the parties have requested from chambers an informal discovery conference. An informal discovery conference may be requested by letter on notice to the parties to this scheduling order or as otherwise required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The letter requesting an informal discovery conference should state the nature of the request and provide five (5) days for a response. Faxes to chambers are not acceptable.

**3. Motion Practice:** All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (see Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery.

One courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.

**4. Pre-Motion Conference:** A party seeking to move for summary judgment must first request a pre-motion conference. The date and time of the pre-motion conference must be obtained from chambers. Notice of the date and time of the pre-motion conference may take the form of a letter setting forth the issues in general terms and must be served upon all parties bound by this scheduling order or as otherwise required in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

**5. Summary Judgment Motions:** A briefing and hearing schedule for summary Judgment motions or other dispositive motions must be set by the Court at the pre-motion conference. Compliance with S.D.N.Y. LBR 7056-1 is mandatory and shall include a joint statement of undisputed facts. No reply briefs or affidavits will be permitted.

**6. Joint Pre-trial Order:** The scope and manner in which the trial will be conducted (including, but not limited to, the issues to be determined at trial, the facts in dispute, the documents to be presented as evidence, and the names of witnesses who will testify) is controlled by the joint pre-trial order. Any disputes relating to the final joint pre-trial order must be brought to the attention of chambers at least one week before the final pre-trial conference. The parties must submit a proposed joint pre-trial order (sample provided by chambers) at least 3 days before the final pre-trial conference.

**7. Final Pre-trial Conference:** Prior to the final pre-trial conference, the Court may schedule such additional pre-trial conferences as it determines appropriate. The final pre-trial conference will be held on a date to be determined by the judge at a prior conference. Any (1)

disputes relating to the final joint pre-trial order or (2) motions *in limine* must be fully briefed and will be argued at the final pre-trial conference.

**8. Trial:** The trial will commence on a date set at the final pre-trial conference and will continue as scheduled thereafter, if necessary. The parties shall be prepared for trial at the time of the final pre-trial conference and should expect the trial to be scheduled no later than one week after the final pre-trial conference.

**9. Alternative Dispute Resolution:** All counsel must meet face-to-face to discuss settlement or use of alternative dispute resolution ("ADR") within fourteen (14) after the date of this Order and, again, within fourteen (14) after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court approves a modification of this Scheduling Order as set forth in paragraph 9 below.

In addition, the Court has the authority to order mediation. At each pre-trial conference, including the final pre-trial conference, the parties must be prepared to address whether the case could benefit from mediation and whether counsel have discussed with their clients the settlement method of mediation and the responses to the following statements. In assessing the benefits of mediation, counsel should consider:
1) the client's goals in bringing or defending the action;
2) whether settlement discussions have occurred and, if so, why they have not produced an agreement;
3) the point during the litigation when mediation would be most appropriate, with consideration given to:
    a) whether mediation should take place after the informal exchange or production through discovery of specific items of information; and
    b) whether mediation should take place before or after the judicial resolution of key legal issues; and
4) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while mediation is pending.

**10. Modifications of this Order**: The deadlines set out herein cannot be changed unless so directed by the Court. Parties should not wait for deadlines to expire before seeking an amended scheduling order. If any questions should arise or another pretrial conference is necessary prior to the final pre-trial conference, notify chambers at once. Modifications to the Scheduling Order may be made only upon a showing of good cause with joint application to the Court, or a party may request an informal status conference.

Failure to comply with this Order may result in sanctions being imposed.

Stipulated and Agreed as to form and substance:

Dated: 12/2/2021

/s/ Patrick J. Best
Attorney for Plaintiff

/s/ Kenneth L. Baum, Esq.
Attorney for Defendant Educational Credit Management Corporation

/s/ Jennifer Jude
Attorney for Defendant U.S. Department of Education

**Dated: December 3, 2021**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**